WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rick Alton Foley,

          Plaintiff,

 v.

C. Amos, et al.,

          Defendants.

No.  CV 13-1977-PHX-SMM (JFM)

**O R D E R**

**I.      Background**

On September 27, 2013, Plaintiff Rick Alton Foley, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a February 7, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

After Plaintiff sought and the Court granted multiple extensions of time, Plaintiff filed a First Amended Complaint on July 17, 2014.  In a December 29, 2014 Order, the Court dismissed the First Amended Complaint for failure to state a claim and gave Plaintiff 30 days to file a second amended complaint.

On January 5, 2015, Plaintiff filed a Motion for Clarification (Doc. 28).  On January 29, 2015, Plaintiff filed a Motion to Appoint Counsel (Doc. 29) and states that if his request for counsel is not granted, that he "seeks this case be dismissed without

prejudice." The Court will deny the Motion to Appoint Counsel, grant Plaintiff's request to dismiss his case without prejudice, and deny as moot his Motion for Clarification.

## II. Motion to Appoint Counsel

In his Motion, Plaintiff seeks the appointment of counsel, asserting that he is unable to get legal assistance and is untrained in the law. There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both factors, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion to Appoint Counsel.

## III. Voluntary Dismissal

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides in relevant part that a plaintiff "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" The right to voluntarily dismiss an action under these circumstances is absolute. *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999). Rule 41(a)(1)(B) provides, in relevant part, that "[u]nless the notice . . . states otherwise, the dismissal is without prejudice."

As discussed above, Plaintiff indicated in his Motion for Counsel that if the

Motion is denied, he seeks dismissal of this case. The Court will, in its discretion, construe Plaintiff's request as a notice of voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure. Plaintiff is no stranger to litigation before this Court. *See Foley v. Stewart, et al.*, CV 99-1505-PHX-RCB (D. Ariz. July 16, 2002); *Foley v. Schriro, et al.*, CV 06-0834-PHX-SMM (LOA) (D. Ariz. May 15, 2008); *Foley v. Frederickson, et al.*, CV 07-0603-PHX-SMM (D. Ariz. Mar. 23, 2009); *Foley v. Schriro, et al.*, CV 07-0787-PHX-SMM (D. Ariz. Aug. 31, 2009); *Foley v. Carlson, et al.*, CV 08-0019-PHX-SMM (D. Ariz. June 1, 2009); *Foley v. O'Conner, et al.*, CV 12-0837-PHX-SMM (LOA) (D. Ariz, June 19, 2012). As reflected in his prior actions, Plaintiff has gained a familiarity with crafting a viable complaint. The Court will, however, grant his request for voluntary dismissal of this action and dismiss this case without prejudice.

**IT IS ORDERED:**

(1) Plaintiff's Motion to Appoint Counsel (Doc. 29) is **denied**.

(2) Plaintiff's Motion for Clarification (Doc. 28) is **denied as moot**.

(3) The Clerk of Court must enter a judgment of dismissal of this action without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, and close this case.

DATED this 10th day of February, 2015.

Stephen M. McNamee
Senior United States District Judge